IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:04cv110

| | |
|---|---|
| SANG U. KIM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) MEMORANDUM AND |
| Vs. | ) RECOMMENDATION |
| | ) |
| SYNTHRON, INC.; and FRANK DALE, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**THIS MATTER** is before the court upon defendant Frank Dale's Motion to Dismiss. Having considered defendant Frank Dale's ("Dale") Motion to Dismiss and reviewed the pleadings, the court enters the following findings, conclusions, and Recommendation.

## FINDINGS AND CONCLUSIONS

### I. Background

In this action, plaintiff contends that his discharge from the employment of defendant Synthron, Inc., ("Synthron") was improperly motivated by his age and race. Synthron contends that plaintiff was terminated for fighting at the workplace. Plaintiff also asserts that Dale, a co-worker, committed the tort of battery. Synthron contends that it also discharged Dale for fighting.

Alleging federal causes of action under the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act ("ADEA") as well as state law, plaintiff filed his

Complaint in the North Carolina General Court of Justice, Superior Court Division, for Burke County, on May 13, 2004. Defendant Synthron was served with a copy of the state summons and the Complaint on May 17, 2004, and timely removed this action on June 15, 2004, to this court. On June 17, 2004, after the Notice of Removal was filed, plaintiff returned the state summons to the state court unserved. Thereafter, counsel for plaintiff and Synthron filed a Certificate of Initial Attorneys Conference and a Pretrial Order was entered.

On January 28, 2005, Dale was served with a federally issued summons and the Complaint. Dale filed the instant Objection to Removal from District and Motion to Dismiss on February 16, 2005. In that pleading, Dale moved for dismissal contending that he was never served with a "summons as required by the North Carolina Rules of Civil Procedure within the time prescribed . . . ." In support of that motion, he has attached the affidavit of the Clerk of Court for Burke County. Dale makes no arguments in support of his "Objection to Removal" and does not explain why he believes removal was improper.

Review of the certificate of service reveals that counsel for Synthron, the removing party, was never served with a copy of the motion. Counsel for Synthron, after being informed of the pendency of the motion by the court and securing a copy from counsel for plaintiff, filed a timely response. No memorandum of law was filed by Dale in support of his motion; no reply to Synthron's response has been filed by Dale; and plaintiff has served no response even though plaintiff's service of process has been challenged. See L.R. 7.1 (W.D.N.C.).

While Dale's motion would be subject to summary disposition for failure to serve Synthron and for failure to include a memorandum of law, the undersigned has elected to consider the substance of the motion inasmuch as it calls into question the subject-matter jurisdiction of this court. Inasmuch as Dale has moved for dismissal under two different theories, they will be addressed separately *infra*.

## II. Dale's Motion to Dismiss Based on Improper Removal

### A. Introduction

Dale has moved to dismiss and filed an "objection to removal." Dale has not, however, explained why he believes removal was improper. In an abundance of caution and in recognition of this court's duty to ascertain jurisdiction, the undersigned has assumed that Dale objects to removal based on Synthron's failure to join Dale in its removal petition and based on Dale's claim not being independently removable. The undersigned will review Dale's "Objection to Removal" under a Rule 12(b)(1) standard since it challenges the subject-matter jurisdiction of the court.

### B. Standard

Rule 12(b)(1) provides for dismissal where the court lacks jurisdiction over the subject matter of the lawsuit. Lack of subject-matter jurisdiction may be raised at any time either by a litigant or the court. Mansfield, C. & L.M.R. Co. v. Swan, 111 U.S. 379, 382 (1884). The ability of the court to independently address subject-matter jurisdiction is important to finality inasmuch as a litigant, even one who remains silent on the issue of jurisdiction, may

3

wait until they receive an adverse judgment from a district court and raise the issue of subject-matter jurisdiction for the first time on appeal, thereby voiding the judgment. Capron v. Van Noorden, 2 Cranch 126, 127, 2 L.Ed. 229 (1804). The Federal Rules of Civil Procedure anticipate this issue and provide that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed.R.Civ.P. 12(h)(3).

When a court considers its subject-matter jurisdiction, the burden of proof is on the plaintiff. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). In Richmond, Fredericksburg & Potomac R.R. Co. V. United States, 945 F.2d 765 (4th Cir. 1991) (Ervin, C.J.), the Court of Appeals for the Fourth Circuit held, as follows

> In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. Id.; Trentacosta v. Frontier Pacific Aircraft Indus., 813 F.2d 1553, 1558 (9th Cir.1987). The district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. Trentacosta, supra, 813 F.2d at 1559 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323-24, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986)). The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. Trentacosta, supra, 813 F.2d at 1558. A district court order dismissing a case on the grounds that the undisputed facts establish a lack of subject matter jurisdiction is a legal determination subject to de novo appellate review. Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir.1989); Shultz v. Dept. of the Army, 886 F.2d 1157, 1159 (9th Cir.1989).

Id., at 768-69. Where jurisdictional facts are intertwined with facts central to the substance of a case, a court must find that jurisdiction exists and consider and resolve the jurisdictional

objection as a direct attack on the merits of the case. United States v. North Carolina, 180 F.3d 574, 580 (4th Cir. 1999).

C.  **Discussion**

Proper removal is a jurisdictional question. Roach v. West Virginia Regional Jail and Correctional Facility Auth., 74 F.3d 46, 48 (4th Cir. 1996). Consideration of jurisdiction is a continuing obligation of the court, because 28, United States Code, Section 1447(c) requires that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Id. The undersigned will, therefore, apply the standard applicable to Rule 12(b)(1), and consider Defendant Dale's motion to be one for remand to state court based on improper removal and lack of subject-matter jurisdiction.

Dale's Motion to Remand calls into question Synthron's assertion of this court's subject-matter jurisdiction, which is the court's original jurisdiction over federal questions, and the procedure Synthron employed in removal. It is uncontested that Synthron removed this action well before Dale was served and Dale did not join in that petition. It is also undisputed that plaintiff has asserted removable claims under Title VII and the ADEA against Synthron and has asserted a non-removable state tort claim against Dale.

Typically, all defendants must join in removal as provided in 28, United States Code, Section 1441(a). This is known as the "Rule of Unanimity," and, like all rules, there are exceptions:

> There are three exceptions to this "rule of unanimity:" (1) where one or more of the defendants has not yet been served with the initial pleading at the time the removal petition was filed; (2) where a defendant is merely a nominal or formal party-defendant; and (3) where the removed claim is a separate and independent claim under 28 U.S.C. § 1441(c).

Kopff v. World Research Group, LLC, 298 F.Supp.2d 50, 54 (D.D.C. 2003). Accord Creekmore v. Food Lion, Inc., 797 F.Supp. 505, 507 n. 2 (E.D.Va.1992) (citing Mason v. International Bus. Machs., Inc., 543 F.Supp. 444, 446 n. 1 (M.D.N.C.1982)). Here, the first and third exceptions apply.

Applying the first exception to this case, i.e., where one or more defendants have not been served, unanimity is only required among those who have already been served prior to removal. The only party served prior to removal was Synthron.

> A defendant has thirty days after service and receipt of the initial pleading within which file a notice of removal. 28 U.S.C. § 1446(b). Courts have interpreted § 1446 to impose a "rule of unanimity" which requires all defendants who have been served prior to removal to join in the removal petition or clearly and unambiguously communicate to the court their consent to the removal within thirty days of service upon them.

Roberts v. Palmer, 354 F.Supp.2d 1041, 1044 (E.D.Mo. 2005)(citations omitted). The court in Roberts further held that it "is well recognized that the consent of unserved defendants need not be obtained to effectuate removal." Id. (citations omitted). Synthron, therefore, properly removed this matter to this court under the first exception, thereby vesting subject-matter jurisdiction in this court.

Further, it appears that the third exception applies. In its responsive brief, Synthron has shown that the "removed claims" are "separate and independent" claims under Section

6

1441(c), i.e., that the federal discrimination claims against Synthron are separate and independent claims from the state law claim for battery against Dale. Where both removable and non-removable claims have been removed to federal court, the applicable procedural rule provides, as follows:

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which state law predominates.

28 U.S.C. § 1441(c). The third exception is applicable, making the entire case removal without the consent of Dale. The jurisdiction of this court has, therefore, been properly invoked even without Dale's consent. Synthron properly removed this action and this court has subject-matter jurisdiction through its original and supplemental jurisdiction over all of the claims asserted.

### III. Consideration of Dale's Motion to Dismiss Based on Insufficiency of Process or Service of Such Process.

Dale also contends that this action should be dismissed because he was never served with a state summons issued in accordance with the North Carolina Rules of Civil Procedure. In furtherance of such motion, Dale has submitted the affidavit of Honorable Mabel Lowman, Clerk of Superior Court, Burke County. In that affidavit, Ms. Lowman avers that the civil summons issued for Dale was returned to her office unserved on June 17, 2004 (two days after removal to this court) and, thereafter, no Alias and Pluries summons was ever served on Dale. Dale appears to contend that such failure to serve him with state process is

a basis for dismissal under Rule 12(b)(4) and (5).

### B. Applicable Standard

Where a motion to dismiss is filed based on insufficient process or insufficient service of process, affidavits and other materials outside the pleadings may be properly submitted and considered.

> [T]he party on whose behalf service is made has the burden of establishing its validity when challenged; to do so, he must demonstrate that the procedure employed satisfied the requirements of the relevant portions of Rule 4 and any other applicable provision of law.

Light v. Wolf, 816 F.2d 746, 751 (D.C.Cir.1987) (internal quotations omitted). Where the procedural requirements of sufficient process and service of process are not satisfied, a court lacks power to assert personal jurisdiction over a defendant. Gorman v. Ameritrade Holding Corp., 293 F.3d 506, 514 (D.C.Cir.2002). Inasmuch as the sufficiency of process and service of process concern the court's jurisdiction, consideration of materials outside the pleadings, such as affidavits, is appropriate. Dimet Proprietary, Limited v. Industrial Metal Protectives, 109 F.Supp. 472 (D. Del. 1952).

### C. Discussion

Section 1448 governs cases where, as here, a defendant who is not yet served at the time of removal, is served with process subsequent to the case's removal to federal court:

> In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, . . . such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court. This section

8

> shall not deprive any defendant upon whom process is served after removal of his right to move to remand the case.

28 U.S.C. § 1448. Where, as here, one or more defendants remains unserved, a plaintiff can either complete service under the North Carolina rules, or seek issuance of a federal summons.

> After removal, a plaintiff has two options for providing proper service of process: (1) service pursuant to Rule 4; or (2) service pursuant to state court rules if the plaintiff commenced such service prior to the removal. Interpreting § 1448 in any other way holds contrary to the explicit wording of the statute.

Schmude v. Sheahan, 214 F.R.D. 487, 490 (N.D.Ill. 2003). Review of this court's docket reveals that on or about October 4, 2004, plaintiff applied for and was issued by the Clerk of this Court a summons for Dale. Such federal summons was returned unexecuted on January 19, 2005, which was within 120 days of issuance. A second summons was issued on January 19, 2005, which was returned served on February 3, 2005, which also was within the 120 day service period.

Having properly employed federal process as provided by Section 1448, plaintiff simply was not required to serve a state summons after removal. Dale's Motion to Dismiss is, therefore, without merit.

### IV. Conclusion

The undersigned has carefully considered Dale's motion. While the requirements of Local Rule 7.1 were not met by the moving party, the undersigned has carefully reviewed the motion inasmuch as it calls into question this court's subject-matter jurisdiction. Having

found that this action was properly removed, that subject matter jurisdiction exists, and that Dale was in fact served in accordance with Rule 4, the undersigned will respectfully recommend that Dale's motion be denied and that he be directed to file his Answer to the Complaint within 14 days of the district court's final disposition of such motion.

## RECOMMENDATION

**IT IS, THEREFORE, RESPECTFULLY RECOMMENDED** that defendant Frank Dale's Motion to Dismiss be **DENIED,** and that he be directed to file his Answer to the Complaint within 14 days of the district court's final disposition of such motion.

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

This _____ day of _____, 2005.

_____
**DENNIS L. HOWELL**
**UNITED STATES MAGISTRATE JUDGE**

United States District Court
for the
Western District of North Carolina
April 19, 2005

jhg

* * MAILING CERTIFICATE OF CLERK * *

Re: 1:04-cv-00110

True and correct copies of the attached were mailed by the clerk to the following:

> Douglas L. Hall, Esq.
> 305 S. Green St.
> Morganton, NC 28655
>
> J. Nathan Duggins III, Esq.
> Tuggle, Duggins & Meschan, P. A.
> 228 West Market Street
> P.O. Box 2888
> Greensboro, NC 27402
>
> Thomas E. Noble, Esq.
> Tuggle, Duggins & Meschan, P. A.
> 228 West Market Street
> P.O. Box 2888
> Greensboro, NC 27402

cc:
Judge (✓)
Magistrate Judge (✓)
U.S. Marshal ( )
Probation ( )
U.S. Attorney ( )
Atty. for Deft. ( )
Defendant ( )
Warden ( )
Bureau of Prisons ( )
Court Reporter ( )
Courtroom Deputy ( )
Orig-Security ( )
Bankruptcy Clerk's Ofc. ( )
Other_____ ( )

Date: April 19, 2005

Frank G. Johns, Clerk
By: _____
Deputy Clerk